# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK JOSEPH MECKLING,

    Petitioner,

v.                                                                                              Civil Action No.: 5:15–CV–106
                                                                                           (JUDGE STAMP)

DAVID BALLARD, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

On August 14, 2015, *pro se* Petitioner, filed a Petition under 28 U.S.C. §2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the undersigned made a preliminary review of the petition and found that summary dismissal of the same was not warranted. Accordingly, the Respondent was directed to answer the Petition.

On February 1, 2016, the Respondent filed an Answer and a Motion to Dismiss the Petition for failure to exhaust state court remedies. On February 2, 2016, a Roseboro Notice was issued, and on February 16, 2016, the Petitioner filed two Responses to Respondent's Motion. ECF Nos. 36 & 37. In his Response, Petitioner "moves the Court to deny Respondent's Motion for Dismissal and grant Petitioner's request for leave to hold this §2254 action in abeyance." ECF No. 37 at 1. The pending Petition for federal habeas relief pursuant to 28 U.S.C. § 2254 raises the following grounds for relief:

    1. The Petitioner argues that the State failed to prove essential facts necessary for a conviction of Abduction with Intent to Defile.

2. The Petitioner argues that he was denied his constitutional rights to due process of law and a fair and impartial trial when the trial judge permitted him to be shackled and handcuffed in the presence of jurors.

3. The Petitioner argues that he was denied his constitutional right to due process of law when a former conviction for uttering a forged writing was used to impose a habitual life sentence.

4. The Petitioner argues that the habitual life sentence he received exceeded the lawful jurisdiction of the trial court because one of his prior convictions is inadequate.

In the Respondent's Motion to Dismiss, he contends that Petitioner, by his own admission, has failed to exhaust his first ground for relief. Accordingly, the Respondent argues that Petitioner fails to meet the total exhaustion requirement found in 28 U.S.C. § 2254(b)(1)(A).

In the Petitioner's Second Response for Disposition of Respondent's Motion to Dismiss, he avers that three of his four claims are exhausted, and "the § 2254 Petition should, at a minimum, be held in abeyance." ECF No. 37 at 6. Similarly, the Respondent asks the Court, in the alternative from granting his Motion to Dismiss, "to STAY Petitioner's habeas proceedings, allowing him leave to adjudicate his unexhausted grounds in State court proceedings." ECF No. 32 at 2.

On April 4, 2016, Petitioner filed a Motion for Extension of Time to File Reply, which the Court granted on April 8, 2016. ECF Nos. 38 & 39. On May 2, 2016, Petitioner filed a Motion for Stay and Abeyance and his Reply to Respondent's Answer and Motion to Dismiss. ECF Nos. 42 & 43.

When a state prisoner presents a mixed petition under Section 2254, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then return to federal court

2

for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269 (2005).

The propriety of holding habeas petitions in abeyance pending exhaustion is subject to doubt. It has been the Court's view that, since proceeding in such a fashion might involve an "implication as to the merits," *Slayton v. Smith*, 404 U.S. 53, 54 (1971), this fact, as well as considerations of comity, generally dictate dismissal without prejudice for failure to exhaust when "a reasonable possibility exists that the state court may decide to reach the merits of a claim." *Meadows v. Legursky*, 904 F.2d 903, 910 (4th Cir. 1990).

However, taking the instant petition at face value and in light of the statute of limitations issues arising as a consequence of 28 U.S.C. §2244, it seems that, when dismissal for failure to exhaust state remedies may result in the petitioner's inability to timely seek federal habeas relief,[1] holding the petition in abeyance does not implicate the Court's view on the merits of the §2254 petition or its underlying complaints nor does it interfere with the state's clear right to consider and decide the issues raised and which are pending in that forum.

Accordingly, the undersigned **RECOMMENDS** that [ECF No. 42] Petitioner's Motion for Stay and Abeyance be **GRANTED** and the Respondent's [ECF No. 32] Motion to Dismiss be **DENIED WITHOUT PREJUDICE**.

The undersigned further **RECOMMENDS** that Petitioner be directed to file (1) quarterly reports, beginning August 1, 2016, as to the status of his State habeas and appeals on the unexhausted claims he intends to pursue in his federal § 2254 Petition; and (2) a Notice of Exhaustion within thirty (30) days from the date his state court remedies have

---

[1] The United States Supreme Court has held that "§2244 (b)(2) does not toll the limitations period during the pendency of a federal habeas petition." Duncan v. Walker, 533 U.S. 167 (2001).

been fully exhausted. Failure to do so could result in dismissal of his present Petition.

Any party may, within fourteen (14) days of the filing of this Recommendation, file with the Clerk of Court written objections identifying those portions of the Recommendation to which objection is made and the basis for such objections.

A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further **DIRECTED** to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: May 3, 2016                     /s/ *James E. Seibert*
                                                                 **JAMES E. SEIBERT**
                                                                 **U.S. MAGISTRATE JUDGE**