IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK JOSEPH MECKLING,

    Petitioner,

v.                                                 Civil Action No. 5:15CV106
                                                                      (STAMP)

DAVID BALLARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND STAYING THE CIVIL ACTION**

I.  Background

At issue is the pro se petitioner's petition filed under 28 U.S.C. § 2254 ("§ 2254"). The petitioner asserts the following four grounds for relief: (1) "the state failed to prove essential facts necessary for a conviction of abduction with intent to defile"; (2) "petitioner was denied his right to due process of law and a fair, impartial and public trial when the judge permitted the defendant to be shackled and handcuffed in the presence of the jurors"; (3) "petitioner was denied due process when a former conviction for uttering a forged writing was used to impose a habitual life sentence"; and (4) "the habitual life sentence exceeds the lawful jurisdiction of the trial court [because] the 1998 conviction for unlawful assault is inadequate." ECF No. 16. The respondent then filed a motion to dismiss, wherein he argues that the petitioner failed to exhaust his first ground for relief.

As a result, the respondent requests that this Court either dismiss without prejudice the petitioner's petition, or stay the above-styled civil action so as to allow the petitioner an opportunity to adjudicate his unexhausted claims in state court. ECF No. 32. Moreover, the petitioner then filed a motion to stay this civil action so as to adjudicate his unexhausted claims. ECF No. 42.

United States Magistrate Judge James E. Seibert entered a report and recommendation, wherein he recommends granting the petitioner's motion to stay and denying without prejudice the respondent's motion to dismiss. ECF No. 44. In particular, Magistrate Judge Seibert notes that the district court has discretion "to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition." Rhines v. Weber, 544 U.S. 269, 269 (2005). Moreover, the magistrate judge points out that, in light of the statute of limitations under 28 U.S.C. § 2244, holding the petition in abeyance neither implicates "the Court's view on the merits" of the petition nor "interferes with the state's clear right to consider and decide the issues raised and which are pending in that forum." ECF No. 44. Therefore, Magistrate Judge Seibert recommends that the petitioner's motion to stay be granted, and the respondent's motion to dismiss be denied without prejudice. Furthermore, the magistrate judge recommends that the petitioner be

"directed to file (1) quarterly reports, beginning on August 1, 2016, as to the status of his state habeas and appeals on the unexhausted claims he intends to pursue in his federal § 2254 Petition; and (2) a Notice of Exhaustion within thirty (30) days from the date his state court remedies have been fully exhausted." Id. Neither the petitioner nor the respondent filed objections to the report and recommendation.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, the petitioner's motion to stay is GRANTED, and the respondent's motion to dismiss is DENIED WITHOUT PREJUDICE.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

After reviewing the record and the parties' filings, this Court finds that the findings of the magistrate judge are not clearly erroneous. The magistrate judge correctly notes that this Court has discretion to stay a mixed petition so that a petitioner may "present his unexhausted claims to the state court in the first instance." Rhines, 544 U.S. at 269. Further, in light of the statute of limitations and the nature of the petitioner's claims, holding his petition in abeyance is appropriate in this case. Therefore, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, the petitioner's motion to stay is GRANTED, and the respondent's motion to dismiss is DENIED WITHOUT PREJUDICE. Thus, the above-styled civil action is STAYED. Further, the petitioner is DIRECTED to file the following: (1) quarterly reports, beginning on **August 1, 2016**, as to the status of his state habeas and appeals on the unexhausted claims he intends to pursue in his federal § 2254 petition; and (2) a Notice of Exhaustion within **thirty (30) days** from the date when his state court remedies have been fully exhausted. Failure to do so could result in dismissal of his present petition.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:   June 1, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE