IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK JOSEPH MECKLING,

    Petitioner,

v.                                    Civil Action No. 5:15CV106
                                                            (STAMP)

JOHN MURPHY, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] petitioner, an inmate then-incarcerated at the Mt. Olive Correctional Center ("MOCC"), filed this petition for habeas corpus under 28 U.S.C. § 2254 challenging decisions made by the Circuit Court of Ohio County, West Virginia. ECF No. 1 at 1-2. The jury returned a guilty verdict to abduction with intent to defile and a guilty verdict as to battery, a lesser-included offense of malicious assault charges from driving while revoked for driving under the influence-second offense. ECF No. 32-1 at 28-29. After the jury was dismissed, the State filed a recidivist information charging petitioner with being the same person previously convicted at least twice of felonies punishable by confinement in the penitentiary. ECF No. 32-1 at 36-37.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Petitioner was sentenced to life on the abduction with intent to defile and a one-year sentence on the misdemeanor battery conviction, to run concurrently. ECF No. 32-1 at 58.

In his direct appeal, the petitioner raises two grounds for relief: (1) the trial court erred when it had petitioner placed in handcuffs in front of the jury, and then refused to grant a mistrial; and (2) the trial court erred when it held that only two of the three felonies required for a life recidivist sentence need to be violent. ECF No. 32-2 at 24. On May 22, 2008, the West Virginia Supreme Court of Appeals ("WVSCA") refused petitioner's appeal. Id.

Pursuant to West Virginia Code § 53-4A-1, et. seq., the petitioner filed a pro se petition for habeas corpus. ECF No. 66. The petition raises four grounds: (1) prosecutorial misconduct occurred when petitioner's conviction was obtained by testimony coerced from the alleged victim (ECF No. 68-3 at 5); (2) counsel was ineffective for failing to subpoena three key witnesses (id.); (3) his conviction was obtained via the use of a tainted jury because one of the last jurors selected pointed at the petitioner in front of other jurors and told them that the petitioner was guilty (id. at 5), and because the petitioner was forcibly handcuffed in front of the jury (id. at 11); (4) the imposition of a recidivist life sentence was unconstitutional because petitioner's 1997 felony convictions for forgery and uttering were

2

used as one of the predicate convictions and they were nonviolent crimes for which the petitioner never served time in a penitentiary (id. at 6).  On December 9, 2008, by memorandum of opinion and order entered in petitioner's underlying criminal case, this first petition was denied without a hearing.  ECF No. 32-2 at 26-27.  Petitioner then filed a renewed petition for writ of habeas corpus in response.  ECF No. 32-4 at 23.  The Circuit Court of Ohio County issued a supplemental memorandum of opinion and order regarding the first memorandum of opinion and order's perceived failure to contain specific findings of fact and conclusions of law, and again directing that the petition be dismissed without a hearing.  ECF No. 32-2 at 29.  The petitioner did not appeal.  ECF No. 69 at 9.

In addition, the petitioner filed an original jurisdiction pro se petition for habeas relief in the WVSCA.  ECF No. 32-2 at 52.  The petitioner alleged that: (1) prosecutorial misconduct occurred when his conviction was obtained by testimony coerced from the alleged victim (ECF No. 32-2 at 55); (2) counsel was ineffective for failing to subpoena five witnesses (id.); (3) his conviction was obtained via the use of a tainted jury because when selecting potential jurors for his case, one juror selected pointed at the petitioner in front of other jurors and told them that petitioner was guilty (id.), and because petitioner was forcibly handcuffed in front of the jury for no apparent reason (id. at 62); (4) the imposition of a recidivist life sentence violates the

proportionality clause in Article III, Section 5 of the West Virginia Constitution (id. at 55-56); (5) the prosecution did not follow West Virginia Code § 61-11-18 in sentencing petitioner to "recidivist life" (id. at 57); and (6) petitioner's conviction was obtained by the prosecution's unconstitutional failure to permit the jury to hear facts (id. at 58). Ultimately, once the case reached the WVSCA, the court held that petitioner's habeas corpus petition should be denied and that he is not entitled to a new trial. ECF No. 37-2 at 16.

The petitioner filed a third pro se habeas petition, arguing that: (1) petitioner was denied due process as secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when the prosecuting attorney failed to prove beyond a reasonable doubt the five elements of the crime of abduction (ECF No. 42-1 at 4); (2) petitioner's Fourteenth Amendment due process rights were violated when the prosecutor threatened to prosecute the alleged victim in order to obtain her testimony (id. at 5); (3) petitioner's Sixth Amendment rights to effective assistance of counsel were violated by trial counsel's defective and prejudicial performance when counsel failed to investigate and subpoena impeachment witnesses (id. at 6), and when counsel failed to object and explain the relevancy of the prior Family Court proceedings (id.); and (4) petitioner's Eighth Amendment rights were violated by his life recidivist sentence, which was unconstitutionally

4

disproportionate (id. at 7). The WVSCA ultimately approved the lower court's findings that each of the grounds were finally adjudicated and/or waived by the petitioner in a previous action, and that petitioner's claim that his prior uttering conviction could not be a predicate offense for a recidivist life sentence had already been raised on direct appeal and refused by the WVSCA. ECF No. 68-8 at 65.

The petitioner then filed his fourth pro se habeas petition raising one issue — petitioner's federal and state constitutional rights were violated by previous habeas counsel's ineffectiveness in failing to properly investigate and question jurors regarding their having viewed petitioner in shackles. ECF No. 58-3 at 5. This action is still pending.

In addition to his state habeas petitions, the petitioner filed a federal habeas petition raising the following grounds for relief: (1) the state failed to prove essential facts necessary for a conviction of abduction with intent to defile (ECF No. 16 at 6), noting in his second memorandum of support, for the first time, that petitioner's rights based on the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated in connection with this claim (ECF No. 22 at 1); (2) petitioner was denied his constitutional rights to due process of law and a fair and impartial trial when the trial judge permitted him to be shackled and handcuffed in the presence of jurors (ECF No. 16

5

at 8); (3) petitioner was denied due process of law when a former conviction for uttering a forged writing was used to impose a habitual life sentence (id. at 11); (4) the habitual life sentence petitioner received exceeded the lawful jurisdiction of the trial court (id. at 13, 21-23); and (5) petitioner's First, Sixth, and Fourteenth Amendment rights were violated when trial, appellate, and habeas counsel were ineffective for committing multiple acts of omission and commission before, during, and after trial, at sentencing, and in his post conviction proceedings (id. at 23-26).

    The petitioner also seeks a second stay and abeyance asserting that Grounds One, Three, and Four have been exhausted, and that he has filed another state habeas petition that will exhaust Ground Two. Id. ECF No. 58 at 1-2. Moreover, the petitioner argues that under Rhines v. Weber, 544 U.S. 269, 278 (2005), he has "good cause," for failure to exhaust his Ground Two claim due to habeas counsel's ineffectiveness to properly investigate and question jurors as ordered by the Circuit Court of Ohio County, citing to Treino v. Thaler, 185 L.Ed.2d 1044, 1056 (2013); Martinez v. Ryan, 566 U.S. 1 (2012); Coleman v. Thompson, 501 U.S. 722 (1991), and Syl. Pt. 4; Losh v. McKenzie, 166 W. Va. 762, 277 S.E.2d 606 (W. Va. 1981). Id. at 2. Petitioner further attaches an affidavit, which he asserts is newly discovered evidence, from a former juror attesting that seeing the petitioner shackled affected and influenced his decision. ECF Nos. 58 at 2-3, 12. Finally, the

petitioner asserts that he has not engaged in any intentional litigation tactics with the purpose to cause delay. ECF Nos. 58 at 3, 58-2 at 1. Specifically, even though the previous motion for stay was lifted on June 19, 2017 and respondent was directed to answer the petition by September 21, 2017, he did not receive the new juror affidavit until September 5, 2017 and Huttonsville Correctional Center ("HCC"),[2] was on lockdown at that time. ECF Nos. 58 at 3, 58-2 at 1.

The respondent argues it has no objection to the stay, given that "[p]etitioner has conscientiously pursued his unexhausted claims in state court." ECF No. 60 at 1. Further, the respondent asserts that a general challenge to petitioner's recidivist sentencing was raised in a direct appeal that was refused by WVSCA, and that the WVSCA has not reviewed the challenges raised in Grounds Three and Four of petitioner's federal habeas petition. Id. at 1-2. In summary, the respondent "does not object to [p]etitioner's request for a stay, but identifies that [p]etitioner may wish to amend his current state habeas petition to include the claims raised in Grounds Three (3) and Four (4) of his federal habeas petition." Id. at 2.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States

---

[2]HCC is petitioner's present place of incarceration. ECF No. 69 at 1 n.1.

Magistrate Judge Michael John Aloi. The magistrate judge then entered a report and recommendation. ECF No. 69. In that recommendation, the magistrate judge recommended that the petition, though unexhausted when filed, should be liberally construed <u>nunc pro tunc</u>, as a mixed petition at the time that it was filed, and petitioner should be granted a second stay to complete exhaustion of the remainder of his claims via an amended petition in his now-pending fourth state habeas. ECF No. 69 at 41. Petitioner's Grounds One, Two, and Three will be exhausted; Ground Four and petitioner's original Ground Five with its eighteen sub-parts are not. <u>Id.</u> If petitioner does not raise them in an amended petition in his pending fourth state habeas petition, he will lose them forever. <u>Id.</u> Petitioner was warned that no further stays will be granted and that he must raise and exhaust all of his remaining claims in state court before moving to reinstate this case, or they will be dismissed. <u>Id.</u> There will be no further stays and abeyances granted. <u>Id.</u> The magistrate judge further recommended that the petitioner be directed to file (1) quarterly reports, beginning February 1, 2019, regarding the status of his state habeas and appeals on the unexhausted claims he intends to pursue in his federal § 2254 petition; and (2) a notice of exhaustion within thirty days from the date his state court remedies have been fully exhausted. ECF No. 69 at 42. Petitioner must move for reinstatement of this action to the active docket of the Court

within thirty days from the date his state court remedies have been exhausted. Id.

In support of this recommendation, the magistrate judge first addressed the petitioner's claim that the State failed to prove essential facts necessary for a conviction of abduction with intent to defile (Ground One), the magistrate judge found that while the claim was not exhausted at the time petitioner first filed his petition, it has been exhausted by the appeal of the claim in his third state habeas petition and its appeal. ECF No. 69 at 31-32.

Second, concerning petitioner's claim that he was denied his constitutional rights to due process of law and a fair and impartial trial when the trial judge permitted him to be shackled and handcuffed in the presence of jurors (Ground Two), the magistrate judge found that the petitioner did not allege a violation of his federal constitutional rights. ECF No. 69 at 32. Specifically, although this claim was not the same claim that petitioner exhausted in the appeal of his second state habeas, ". . . docketing [the petitioner's] first motion to stay again as the motion to amend it was also intended to be would 'cure' this issue." Id. The magistrate judge also found that with respect to Ground Two, petitioner's fourth habeas petition is "entirely different," and that "[e]ven if [the petitioner] ultimately exhausts this [ineffective assistance of habeas counsel claim ("IAC")], because it is not one of the IAC of habeas counsel that

9

[the petitioner] originally raised here, and does not relate back to any IAC habeas counsel claim already so raised, it is untimely and cannot be included in any future amended petition." Id.

Third, with regard to petitioner's claim that he was denied due process of law when a former conviction for uttering a forged writing was used to impose a habitual life sentence (Ground Three), the magistrate judge found that the petitioner did not allege a violation of his federal constitutional rights or claim under federal law. The petitioner's similar claim based on the Eighth Amendment in his third state habeas is not the same claim. Id. However, the magistrate judge concludes that docketing the petitioner's "first motion to stay as the motion to amend it was also intended to be would 'cure' this issue." Id.

Fourth, in reference to the petitioner's claim that the habitual life sentence he received exceeded the lawful jurisdiction of the trial court (Ground Four), the magistrate judge found that the claim is not exhausted and that there is no federal basis. Id. at 33. While the petitioner raised a related claim, those claims challenged a different conviction, ultimately concluding that ". . . even if [the petitioner's] first motion to stay had been timely docketed as the motion to amend it was also intended to be, it would not have salvaged this claim." Id.

Fifth, with respect to petitioner's claim that his First, Sixth, and Fourteenth Amendment rights were violated when trial

10

counsel was ineffective (Ground Five), the magistrate judge concluded that some claims were not exhausted, having never been raised in any state court before (Grounds Five (a), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), and (r)) (ECF No. 69 at 33-37). Further, other claims were found not to be exhausted because petitioner either raised, and failed to appeal, only a related claim in a state habeas petition with no federal basis, or the petitioner's claim is based on a different federal ground with a different factual basis (Grounds Five (b), (c)). ECF No. 69 at 33-34. The magistrate judge then explained that the Supreme Court has held that a federal habeas petition containing both exhausted and unexhausted claims may be stayed, rather than dismissed without prejudice, under limited circumstances. ECF No. 69 at 39 (citing Rhines, 544 U.S. at 275, 277). However, he notes, "this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court. Thus, if a petitioner seeks a stay in order to exhaust claims pleaded in the original petition, then, the petitioner is required to allege facts showing (1) that 'good cause' exists for his failure to exhaust the unexhausted claims; and (2) that the unexhausted claims are 'potentially meritorious' on federal habeas corpus review." ECF No. 69 at 39 (citing Rhines, 544 U.S. at 27-78).

Ultimately, the magistrate judge found that the petitioner is not entitled to another stay and abeyance procedure. ECF No. 69 at 39-40. Specifically, the petitioner has not presented all of his unexhausted claims to the state court and the petitioner has not shown good cause. Id. at 40. However, "because of the court's inadvertent error regarding the first motion to stay, in failing to timely advise [p]etitioner of the status of all of his claims, and in failing to also docket the motion to stay as a motion to amend . . . [the magistrate judge] feels it would be fundamentally unfair to deny [p]etitioner's second motion to stay." Id.

After making the aforementioned recommendation, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. ECF No. 69 at 42. Neither party filed any objections to the report and recommendation.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted, and the petitioner's unopposed motion for stay and abeyance (ECF No. 58) is granted. This Court further directs that the petitioner shall be provided such other relief as is set forth in the report and recommendation, as contained under "IV. Conclusion" below.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States v. Gypsum Co., 333 U.S. at 395. The magistrate judge correctly held the pro se petition to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

A petitioner has one year to file a federal habeas corpus petition. 28 U.S.C. § 2244(d). In particular, that one-year limitation period runs from the latest of the following dates: (1) when the petitioner's judgment became final; (2) when the State

action that prevented the petitioner from filing his or her petition was removed; (3) the date on which the Supreme Court of the United States recognized a new constitutional right and makes that right retroactively applicable on collateral review; or (4) "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(A-D). The statue of limitations may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). The limitations period does not remain tolled during the 90-day writ of certiorari filing period following denial of state post-conviction relief. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); Washington v. Beck, 2005 WL 1869229, at *1 (M.D. N.C. Aug. 3, 2005) (citing Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999)). Here, the magistrate judge correctly found that the petitioner's first state habeas petition tolled the one-year period of limitations and that the

14

statute of limitations remained tolled due to his second state habeas petition. ECF No. 69 at 24-25. The magistrate judge also correctly noted that 54 days were lost from his one-year limitations period and that by August 14, 2015, after 94 more days had run, the petitioner filed the petition. ECF No. 69 at 25. The clock began running again after adding a day, in accordance with Federal Rule of Civil Procedure 6(a), and continued to run until it expired on December 15, 2015. Id. Thus, the petition, filed on August 14, 2015 (ECF No. 1), was timely.

Further, this Court agrees with the magistrate judge that the petitioner has not exhausted state remedies. ECF No. 69 at 28. In order to exhaust state remedies, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The magistrate judge correctly determined that the petitioner's claims were not exhausted and that the petitioner failed to show good cause. However, since it would be unfair to deny him a second motion to stay, considering the court's error regarding the first motion to stay, in failing to advise petitioner of the status of all his claims, and in failing to docket the motion to stay as a motion to amend, the petitioner is granted a second motion to stay.

Therefore, this Court finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 69) is AFFIRMED and ADOPTED. Accordingly, the petitioner's unopposed motion for stay and abeyance (ECF No. 58) is hereby GRANTED. Further, it is ORDERED that the May 2, 2016 motion to stay (ECF No. 42) be GRANTED in part as to amending Grounds Two and Three to include federal bases that the claims originally had when raised and exhausted them in state court (but omitted when petitioner filed his federal petition), and DENIED in part as futile as it pertains to the three new proposed Grounds Five [sic] through Seven. The petitioner is DIRECTED to file (1) quarterly reports, beginning February 1, 2019, regarding the status of his habeas and appeals on the unexhausted claims he intends to pursue in his federal § 2254 petition; and (2) a notice of exhaustion within thirty days from the date his state court remedies have been fully exhausted. Petitioner must move for reinstatement of this action to the active docket of the Court within thirty days from the date his state court remedies have been exhausted. Failure to do so could result in dismissal of his present petition.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 5, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE